On May 80,1975 the court issued the following order:
Before CoweN, Chief Judge, Market, Chief Judge of the United States Court of Customs and Patent Appeals, sitting by designation pursuant to 28 U.S.C. §293(a), and Lara-more, Senior Judge.
“This case comes before tlie court on cross motions for summary judgment. Upon consideration thereof and after hearing oral argument, the court finds:
“ (1) In the Spring of 1973, plaintiff expended his personal funds in reliance on oral statements by representatives of the Department of Labor that he would be reimbursed for such expenditures;
“ (2) the Deputy Assistant Secretary for Labor Relations, who was also the Acting Director of the Office of Labor Management Policy and Development, Department of Labor, directed his subordinate, who was the Director of the Division of Public Employees, Labor Management Services Administration, to inform plaintiff that a contract with plaintiff had been approved and funded;
“(3) the Director of the Division of Public Employees thereafter informed plaintiff that the contract had been approved and he authorized and directed plaintiff to undertake certain expenditures;
“ (4) although both officials of the Department of Labor believed that the Deputy Assistant Secretary for Labor Relations had the authority to enter into the contract and obligate the Department of Labor to reimburse plaintiff for his financial undertakings, neither of said officials had actual authority to bind the Government by either written or oral contract. Under the regulations then in force, only duly designated contracting officers within the Division of Procurement, Office of Administrative Services of the Department of Labor, had the legal authority to contractually bind the Government, and no contract with plaintiff was executed or approved by an authorized official of the Government.
“On the basis of the foregoing, the court concludes that plaintiff has the affirmative burden of showing that the *956 officials on whose statements he relied had the authority to commit the Government and having failed to discharge that burden, plaintiff may not recover. Housing Corp. of America v. United States, 199 Ct. Cl. 705, 468 F.2d 922 (1972). Since these officials had no actual authority to bind the Government, plaintiff is not entitled to recover on a showing that he relied on their apparent authority. The regulations were published in the Federal Register, and plaintiff is deemed to have had notice that the officials with whom he dealt lacked contractual authority. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947).
“it is therefore ordered that defendant’s motion for summary judgment is granted, plaintiff’s cross motion is denied, and plaintiff’s petition is dismissed.”
Plaintiff’s petition for certiorari was denied December 15, 1975, 423 U.S. 1032.