The plaintiff is a corporation which provides information management services. In September 1980, it submitted a proposal to the Department of Energy to provide various services for the information management systems of the Department. It was at that time also working for the Department under a subcontract.
The plaintiff states that in September it was told to begin work on the proposed contract and that it did so. People at different levels of the Department considered the proposal and a proposed contract was prepared. The Department never signed the contract, however, and in February 1981, the Department rejected the plaintiffs proposal.
The plaintiff then submitted claims for the work it had done under the proposed contract to the Department and to the General Accounting Office ("gao”). It subsequently *1029 withdrew its claim before the gao and instead filed its petition here.
The plaintiff concedes it had no express contract with the Department. It contends, however, that there was an implied contract, and that the Department had ratified the proposed contract. Alternatively, the plaintiff seeks recovery under quantum meruit for the benefit its work gave the government. It seeks $52,514 for partial performance of the contract or $34,962.30 for the benefit conferred. The defendant has moved for summary judgment. We grant its motion.
The court has jurisdiction over contracts implied-in-fact, but not over contracts implied-in-law. Algonac Manufacturing Co. v. United States, 192 Ct. Cl. 649, 674, 428 F.2d 1241, 1256 (1970). To establish an implied-in-fact contract, the plaintiff must show a meeting of the minds between it and a representative of the government who had authority to bind the government. Housing Corp. of America v. United States, 199 Ct. Cl. 705, 468 F.2d 922 (1972). Contractors dealing with the United States must inform themselves of a representative’s authority and the limits of that authority. Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 384 (1947). The United States is not bound by the unauthorized acts of its agents. Housing Corp., 199 Ct. Cl. at 711, 468 F.2d at 925. The plaintiff must show the representative’s authority and approval. Id. at 711-12, 468 F.2d at 925; Jascourt v. United States, 207 Ct. Cl. 955, 955-56, cert. denied, 423 U.S. 1032 (1975).
The plaintiff has not shown that any person with authority to bind the United States either accepted the plaintiffs proposal or told the plaintiff to begin work under it. The uncontradicted declaration of the contracting officer, Ms. Caracciolo, stated that only she had authority to "commit the United States to accept the proposal submitted by the plaintiff,” that she had "not accepted on behalf of the United States the offer submitted by the plaintiff,” that she could not delegate that authority, and that she "never authorized any officer or employee of the plaintiff to begin work under” the proposal, because she had never accepted it for the United States. In Jascourt, the contractor had been told specifically to start work by an unauthorized *1030 representative. The court held that, without authorized approval, there was no contract and there could be no recovery. Similarly, here we hold there was no implied-in-fact contract because the plaintiff has not shown authorized approval of its proposal.
The government is not estopped to deny the existence of a contract where the acts upon which a plaintiff relies are unauthorized. Emeco Industries, Inc. v. United States, 202 Ct. Cl. 1006, 1015, 485 F.2d 652, 657 (1973); Byrne Organization, Inc. v. United States, 152 Ct. Cl. 578, 587, 287 F.2d 582, 587 (1961).
The plaintiff next argues that the contracting officer must have known of its work and, by her silence, ratified the contract. Ratification, however, must be based on a demonstrated acceptance of the contract. The contracting officer, in her declaration, stated that she never approved the proposal or authorized its approval. The plaintiffs allegation of knowledge and tacit approval is purely conjectural and insufficient to create a dispute of fact. American General Leasing, Inc. v. United States, 218 Ct. Cl. 367, 375, 587 F.2d 54, 59 (1978). The parties dispute whether the plaintiff was warned not to perform work under the contract, but even if it was not, the contracting officer’s silence and the Department’s consideration of the proposal were not implied acceptance of it. Radioptics, Inc. v. United States, 223 Ct. Cl. 594, 621 F.2d 1113 (1980).
The lack of a signed contract and the express rejection of the proposal distinguish this case from Wilco Floor Service, Inc. v. United States, 197 Ct. Cl. 902 (1972), and Williams v. United States, 130 Ct. Cl. 435, 127 F. Supp. 617, cert. denied, 349 U.S. 938 (1955). Ratification must be based on an acceptance, see 41 C.F.R. § 1-1.405 (1981) (written ratification required of unauthorized executed contract), and the plaintiff has not shown one.
The plaintiffs final argument is that it is entitled to recover under quantum meruit. A claim based upon quantum meruit rests upon a contract implied-in-law, over which we have no jurisdiction. Merritt v. United States, 267 U.S. 338, 341 (1925); Fincke v. United States, 230 Ct. Cl. 233, 246-7, 675 F.2d 289, 296-97 (1982); U.S. Steel Corp. v. United States, 210 Ct. Cl. 228, 241-42, 536 F.2d 921, 927-28 (1976). *1031 In any event, the plaintiff cannot recover under this theory, since the uncontradicted evidence of the government is that the work the plaintiff did for it was of no value to it. United States v. Mississippi Valley Generating Co., 364 U.S. 520, 566 n.22 (1961); Prestex Inc. v. United States, 162 Ct. Cl. 620, 630-31, 320 F.2d 367, 374 (1963).
The plaintiff claims it performed other services for the Department, but that work was actually done as part of the performance under the subcontract. The benefit the plaintiff claims to have thus conferred sounds almost identical to the "Contract Tasks” section of the plaintiffs progress report under the subcontract. The plaintiff was paid for this work and cannot claim additional compensation for it.
The defendant’s motion for summary judgment is granted and the petition is dismissed.