Eva Allen ROYCE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 174–79C.

United States Claims Court.

Dec. 28, 1982.

Philip D. Supina, Tucson, Ariz., for plaintiff.

Dwight D. Meier, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## ORDER

KOZINSKI, Chief Judge.

Plaintiff, who is insured under parts A and B of Medicare, underwent surgery on her right hand in February 1978. The costs of the operation were largely covered by part A. She alleges that, as an essential follow-up to her surgery, she has been undergoing outpatient therapy which, at the time the complaint was filed, cost in excess of $1,800. Payment under Medicare part B, which covers outpatient physical therapy, is limited by the Medicare Carrier's Manual to $100 per year and plaintiff brought this action to recover the difference.

Plaintiff argues that the provision limiting her reimbursement for physical therapy to $100 is arbitrary and capricious and asks the court to invalidate it. In addition, she claims that the decision to classify the physical therapy under part B rather than part A was improper. Plaintiff also claims that defendant's failure to cover the full cost of her therapy constitutes a "taking without due process" in violation of the fifth amendment. Complaint ¶ XI. Plaintiff also makes claims under the fourth and ninth amendments. She argues that "[t]he Fourth Amendment 'Peace of Mind' protection should be interpreted so that its coverage and protection include the security of full health coverage and costs." *Id.* ¶ XII. Furthermore, plaintiff suggests that the right to free medical care is guaranteed by the ninth amendment since "[s]econd only to life itself, good health and medical care are the *sine qua non* of human well-being." *Id.* ¶ XIII.

Defendant has filed a motion to dismiss, arguing lack of jurisdiction. Oral argument on the motion was held on December 14, 1982, with counsel participating by conference telephone call.

## DISCUSSION

■ 1. After the Supreme Court's unanimous decision in *United States v. Erika, Inc.*, 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982), there is no room left to argue that this court may review the level of benefits allowed under part B of Medicare. *See also Sanet v. United States,* No. 498–80C (Ct.Cl. July 2, 1982) (order dismissing petition); *Fox v. United States,* No. 315–81C (Ct.Cl. June 25, 1982) (order dismissing petition). Insofar as plaintiff seeks review of her part B payment or of the validity of the applicable regulations, the court lacks jurisdiction to consider the matter.

■ 2. Plaintiff's claim that defendant erred in classifying her follow-up physical therapy as a part B rather than a part A claim, is simply an appeal from denial of those benefits under part A. *Erika, Inc.* raised some doubt as to whether this court has jurisdiction over such claims. *But see Rio Hondo Memorial Hosp. v. United States,* 689 F.2d 1025, 1028 (Ct.Cl.1982); *Spokane Valley General Hosp. Inc. v. United States,* 688 F.2d 771, 775 (Ct.Cl.1982). In any case, under the terms of the statute, judicial review of a denial of part A benefits is conditioned on exhaustion of administrative remedies. 42 U.S.C. § 1395ff. At oral argument, counsel for plaintiff admitted that administrative remedies have not been pursued in pressing the claim under part A. The court therefore lacks jurisdiction insofar as plaintiff's case is based upon the claim that payment should have been made under Medicare part A. *Goldstein v. United States,* 201 Ct.Cl. 888, 889, *cert. denied,* 414 U.S. 974, 94 S.Ct. 287, 38 L.Ed.2d 217 (1973).

■ 3. The court also lacks jurisdiction over plaintiff's hybrid fifth amendment claim of a "taking without due process." Insofar as she alleges a denial of due proc-

ess, jurisdiction is foreclosed by numerous decisions of the Court of Claims. *See, e.g., Walton v. United States,* 213 Ct.Cl. 755, 757 (1977); *Muehlen v. United States,* 209 Ct.Cl. 690 (1976). While the court does have jurisdiction over claims of taking without just compensation, *Regional Rail Reorganization Act Cases,* 419 U.S. 102, 125–27, 95 S.Ct. 335, 349–50, 42 L.Ed.2d 320 (1974), plaintiff simply has not alleged such a taking. The government's refusal to reimburse plaintiff for medical payments made to third parties is not a taking for which just compensation is due. *Cf. Shanbaum v. United States,* 1 Cl.Ct. 177 (Cl.Ct.1982) (MEROW, J.).

■ 4. The court has been unable to find any case where either the fourth or the ninth amendment has been held to form a basis for jurisdiction under the Tucker Act. In general, the rule has been that to form the basis for jurisdiction, the "constitutional provision [must] in itself obligate the Federal Government to pay money damages." *Walton v. United States,* 213 Ct.Cl. at 757. Neither the fourth nor the ninth amendment meets that standard. The court therefore lacks jurisdiction over that portion of plaintiff's claim which is based upon these amendments.

## CONCLUSION

The motion to dismiss is granted with direction to the clerk to dismiss the petition.

Costs to the prevailing party.

IT IS SO ORDERED.