**EXCHANGE BANK OF MOUND CITY**

v.

**The UNITED STATES.**

**No. 314–84C.**

United States Claims Court.

April 3, 1986.

---

Robert R. Sheperd, Oregon, Mo., for plaintiff.

Stephen R. Bergenholtz, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## MEMORANDUM ORDER

SETO, Judge.

On April 8, 1982, the United States, acting through the Farmer's Home Administration (FmHA), perfected a security interest in the crops, livestock and farm equipment of Biermann Farm Enterprises, Inc. (BFE) by filing a financing statement with the Recorder of Holt County, Missouri. Although FmHA already had loaned BFE $262,000, BFE required an additional loan to purchase the seed and fertilizer necessary for its 1982 crops. Because FmHA had reached its loan limit, the Sur-Gro Plant Food Co. agreed to loan BFE $73,660 on the condition that FmHA subordinate its interest in BFE's 1982 crops. Following the execution of the subordination agreement on April 16, 1982, Sur-Gro perfected its security interest by filing a financing statement covering BFE's 1982 crops with the Holt County Recorder on April 21, 1982.

In September 1982, BFE sought additional funds for 1982 farm operating expenses from plaintiff, Exchange Bank. Without knowledge of the earlier subordination agreement to Sur-Gro, plaintiff loaned BFE $19,000 on the condition that FmHA subordinate its interest in BFE's 1982 crops. On September 9, 1982, the FmHA county supervisor who had executed the Sur-Gro subordination agreement executed a second subordination agreement in favor of Exchange Bank.

Following its fall harvest, BFE "sealed" the crop with the Commodity Credit Corporation in exchange for a loan totalling $41,126. In accordance with FmHA's first subordination agreement, Sur-Gro received the entire $41,126. Because this amount was insufficient to satisfy BFE's debt to Sur-Gro, neither FmHA nor plaintiff received any money from BFE's 1982 crop. Plaintiff now seeks to recover the $19,000 it loaned BFE.

Defendant moves for summary judgment arguing that the FmHA county supervisor lacked authority to bind the government when he issued the second subordination agreement. It is clear beyond cavil that the United States is not bound by the unauthorized acts of its agents. *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947); *Jascourt v. United States*, 521 F.2d 1406, 207 Ct.Cl. 955 (1975). In the instant case, FmHA regulations provide that "[a] subordination in favor of only one creditor will be outstanding at any one time in connection with the same security." 7 C.F.R. § 1962.30(b)(4) (1982). In contravention of this regulation, the county supervisor executed the September 9, 1982 subordination agreement in favor of Exchange Bank. Because the FmHA county supervisor lacked the authority to execute this agreement, the United States is not bound by its terms.

Plaintiff argues, however, that the United States should be estopped from denying the county supervisor's authority. In particular, plaintiff claims that FmHA's failure to inform it of the prior subordination to Sur-Gro is sufficient under the controlling precedent to support its claim of estoppel. Although plaintiff knew of Sur-Gro's perfected security interest in the 1982 crops before extending the loan to BFE, it was unaware of FmHA's subordination agreement with Sur-Gro. Plaintiff argues that it therefore was reasonable to rely on FmHA's representations that it would subordinate its senior security interest in BFE's crops to plaintiff in approving the loan to BFE. Indeed, plaintiff notes that it would not have made the loan had it known of the prior subordination agreement. Plaintiff's argument fails, however, as the facts of the instant case do not support the application of estoppel.

The Supreme Court discussed the doctrine of estoppel in *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947), and noted that:

anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authori-

ty.... And this is so even though ... the agent himself may have been unaware of the limitations upon his authority.

*See also Haight v. United States,* 209 Ct.Cl. 698, 538 F.2d 346, *cert. denied,* 429 U.S. 841, 97 S.Ct. 116, 50 L.Ed.2d 110 (1976). Accordingly, plaintiff was under a duty to take reasonable precautions to ensure the county supervisor was acting within the bounds of his authority. Thus, before plaintiff can establish that it was reasonable to rely on the county supervisor's representations, it must demonstrate that it did not have the means to learn of the prior subordination. *Heckler v. Community Health Services,* 467 U.S. 51, 59 & n. 10, 104 S.Ct. 2218, 2223 & n. 10, 81 L.Ed.2d 42 (1984). Because it is charged with knowledge of the published FmHA regulations, plaintiff should have inquired about the status of FmHA's security interest before accepting a subordination, especially in view of the two financing statements on record with the Holt County Recorder. Because it did not so inquire, plaintiff cannot estop the government from denying the authority of its agent. *See Heckler v. Community Health Services,* 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984); *Schweiker v. Hansen,* 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981); *Portmann v. United States,* 674 F.2d 1155 (7th Cir.1982).

■ Had plaintiff inquired and been informed that no other subordination existed, the court would have quite a different case before it. *See INS v. Hibi,* 414 U.S. 5, 8–9, 94 S.Ct. 19, 21–22, 38 L.Ed.2d 7 (1973); *Rogers v. Tennessee Valley Authority,* 692 F.2d 35, 37–38 (6th Cir.1982); *Portmann v. United States,* 674 F.2d at 1163–64. There is no evidence, however, that the county supervisor affirmatively misrepresented the facts or acted in bad faith in executing the second subordination. Any intimation to that effect by plaintiff is insufficient in the framework of summary judgment to raise a genuine issue of material fact. *See Pure Gold, Inc. v. Syntex (U.S.A.), Inc.,* 739 F.2d 624, 627 (Fed.Cir.1984); *Barmag Barmer Maschinenfabrik AG v. Murata*

*Machinery, Ltd.,* 731 F.2d 831, 836 (Fed. Cir.1984). Rather, the facts as presented merely evidence a negligent failure to disclose relevant information. Because the government action upon which estoppel is to be based must amount to affirmative misconduct, estoppel does not apply and plaintiff's claim fails. *See TRW, Inc. v. Federal Trade Commission,* 647 F.2d 942, 951 (9th Cir.1981).

■ Even assuming, *arguendo,* that plaintiff could successfully estop the government from denying the authority of its agent, it cannot recover under its subordination agreement with FmHA. The September 9, 1982 agreement effectively provides that plaintiff stand in the shoes of FmHA with regard to its security interest in BFE's crops. At the time of the agreement, however, Sur-Gro held a senior interest in those crops by virtue of its earlier subordination agreement with FmHA. Therefore, plaintiff would have been entitled only to the first $19,000 available after Sur-Gro had been paid in full. Because the proceeds from BFE's crops were insufficient to satisfy Sur-Gro's interest, plaintiff has no cognizable claim under its subordination agreement.

For the foregoing reasons, defendant's motion for summary judgment is GRANTED and the complaint is to be dismissed. No costs.