Jesus **CABRERA**

v.

**UNITED STATES.**

No. 133–86C.

United States Claims Court.

July 15, 1986.

Peter S. Herrick, Miami, Fla., for plaintiff.

J. Kevin Horgan, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

YOCK, Judge.

This action arises from the seizure of the plaintiff's vessel, the M/V El Tiburon, from Mr. Roberto Cabrera-Alvarez on October 27, 1984 by the United States Customs Service after marijuana was found on board in violation of 19 U.S.C. § 1595(a) (1982) and 49 U.S.C. § 781 (1982). The plaintiff seeks to recover the value of the vessel at the time of its seizure because the vessel had been disposed of through administrative forfeiture proceedings by the United States Customs Service. The plaintiff alleges in his complaint that defendant breached a contractual obligation to conduct and complete an administrative petitioning process before subjecting the vessel to forfeiture proceedings. Plaintiff also alleges that he was denied due process of the law as guaranteed by the fifth amendment. Defendant has moved this Court pursuant to Rule 12 to dismiss plaintiff's action for failure to state a claim upon which relief can be granted in this Court. Plaintiff opposed the motion.

For the reasons discussed herein, defendant's motion to dismiss is granted and the complaint is to be dismissed.

### Facts

On October 27, 1984, the M/V El Tiburon, a fishing vessel owned by the plaintiff, Mr. Jesus Cabrera, was seized from Roberto Cabrera-Alvarez by the United States Customs Service for violations of 19 U.S.C. § 1595(a) (1982) and 49 U.S.C. § 781 (1982), after marijuana was discovered on board.

On November 24, 1984, counsel for plaintiff submitted an "Election of Proceedings Form AF" requesting that Customs Service afford administrative consideration to plaintiff's petition for remission of the forfeiture of the vessel.

On November 30, 1984, counsel for plaintiff wrote to the District Director of Customs advising the Director of his intent to file a petition for remission or mitigation of any fine, penalty, or forfeiture pursuant to 19 U.S.C. § 1618 (1982) and 19 C.F.R. § 171.11 *et seq.* Counsel also requested the immediate return of the vessel under the Customs Service's constructive seizure or early release program pending resolution of the matter.

On December 14, 1984, the Director informed counsel for plaintiff that his request for immediate return was denied. Likewise, plaintiff's petition for administrative relief from forfeiture proceedings was denied on April 12, 1985. At that time, counsel for plaintiff was advised that administrative forfeiture proceedings would begin pursuant to 19 U.S.C. § 1609 (1982) and 19 C.F.R. § 162.46. Counsel was also advised that the forfeiture would be referred for judicial proceedings if plaintiff filed a claim for the vessel and posted a bond (which would be waived upon a showing of financial inability) to cover the cost of judicial proceedings, within twenty days of the first notice of forfeiture proceedings.

At some point, the plaintiff filed such a claim and bond, but did not do so in a timely fashion. Consequently, the vessel was disposed of through administrative forfeiture proceedings. This action followed.

### Discussion

#### I. Contract Claim

Plaintiff's contention that his completion of the "Election of Proceedings Form AF" created a binding contract between the parties is without merit. There is no evidence of offer and acceptance, mutuality of intent, or consideration to support such a contract claim.

A person seeking to recover upon a contract claim against the United States must establish privity of contract between the claimant and the United States. *Brannan v. United States*, 7 Cl.Ct. 399, 403 (1985). *See Kanarek v. United States*, 161 Ct.Cl. 37, 40, 314 F.2d 802, 803 (1963), *cert. denied*, 379 U.S. 838, 85 S.Ct. 74, 15 L.Ed.2d 45 (1964); *Petrin v. United States*, 90 Ct.Cl 670, 673 (1940). Privity of contract is necessary because 28 U.S.C. § 1491(a)(1) (1982) grants this Court "jurisdiction to render judgment founded * * *

upon any express or implied contract with the United States." However, it is settled law that this Court's jurisdiction over implied contracts extends only to contracts implied in fact, not to contracts implied in law. *United States v. Minnesota Mut. Inv. Co.,* 271 U.S. 212, 217, 46 S.Ct. 501, 502, 70 L.Ed. 911 (1926); *Merritt v. United States,* 267 U.S. 338, 341, 45 S.Ct. 278, 279, 69 L.Ed. 643 (1925); *Algonac Mfg. Co. v. United States,* 192 Ct.Cl. 649, 674, 428 F.2d 1241, 1256 (1970).

Plaintiff has failed to demonstrate the existence of either an express contract or one implied in fact. As is the case with an express contract, it is elementary law that a contract implied in fact requires "facts that show or suggest in some manner an agreement between the parties, a meeting of the minds and a mutual consent to be bound." *Shaw v. United States,* 8 Cl.Ct. 796, 799 (1985). *Accord EWG Assocs. Ltd. v. United States,* 231 Ct.Cl. 1028, 1029 (1982); *Brookside Ltd. Partnership v. United States,* 231 Ct.Cl. 944, 948 (1982). But here there is merely an "Election Form" mandated by statute which informed plaintiff of his options and rights in regard to the disposition of his property. There are no facts which suggest that either defendant or plaintiff intended to be bound to any particular agreement. This conclusion is borne out by the language of the form itself. In pertinent part, it reads, "I hereby request that the Customs Service consider my petition or offer administratively." Thus, by filling out this form, plaintiff merely made a request of the Customs Service. Defendant has tendered no offer, but has simply provided the vehicle through which plaintiff may submit a request.

Furthermore, the Election Proceedings Form AF is nothing more than one in a myriad of standard forms which individuals fill out every day. It comes complete with explanations of plaintiff's alternatives, and it is an administrative method for plaintiff to delineate his choice by placing an "x" next to the appropriate option. There is nothing bargained for when such forms are filled out, no promises made, and no communication between the person filling out the form and the person receiving it that resembles a binding agreement. Likewise, there is not a scintilla of evidence to suggest that plaintiff and defendant forged an agreement together or participated in any type of meeting of the minds.

Similarly fatal to plaintiff's contract claim is an obvious lack of consideration. The form allows plaintiff to waive his right to immediate commencement of forfeiture proceedings, but also allows him to request commencement of same at any time. Thus, as defendant points out in the motion to dismiss, plaintiff has not parted with any of his rights so as to create consideration, for he was not bound to forego his right to forfeiture proceedings.

Finally, it is possible that plaintiff's boat was unnecessarily or unfairly subjected to forfeiture proceedings. But such equitable considerations, as could be cured through a contract implied in law, are not within the purview of this Court, as previously stated.

Therefore, this Court must dismiss plaintiff's contract claim because neither an express nor an implied in fact contract was created.

## II. Due Process Claim

██ Plaintiff also asserts his right to relief in this Court upon the ground that his constitutional guarantee of due process of the law has been violated. Plaintiff's claim must be dismissed because this Court does not have juridiction over violations of the due process clause of the fifth amendment.

Although 28 U.S.C. § 1491(a)(1) (1982) grants this Court jurisdiction over claims which are founded upon the Constitution and are against the United States, it is well settled that this Court's jurisdiction extends only to claims upon which monetary damages are mandated. *E.g., United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976); *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967); *Shaw v. United States,* 8 Cl.Ct. 796, 800 (1985); *Prevado Village Partnership v. United*

*States,* 3 Cl.Ct. 219, 229 (1983); *Royce v. United States,* 1 Cl.Ct. 225, 226 (1982). As the court in *Eastport S.S. Corp. v. United States* said, "[u]nder Section 1491 what one must always ask is whether the constitutional clause * * * which the claimant cites can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained. If not, [the Claims Court] cannot give relief under Section 1491." 178 Ct.Cl. at 607, 372 F.2d at 1009.

■ Here, plaintiff alleges that he has been deprived of his property without due process of law. The provision which voids such conduct, the fifth amendment, cannot be read to mandate a payment of monetary damages and thus it is well settled that this Court lacks jurisdiction over due process claims of this type. *E.g., Alabama Hosp. Ass'n v. United States,* 228 Ct.Cl. 176, 180, 656 F.2d 606, 609 (1981), *cert. denied,* 456 U.S. 943, 102 S.Ct. 2006, 72 L.Ed.2d 465 (1982); *Shaw v. United States,* 8 Cl.Ct.

796, 800 (1985); *Prevado Village Partnership v. United States,* 3 Cl.Ct. 219, 229 (1983); *Royce v. United States,* 1 Cl.Ct. 225, 226 (1982).

Therefore, plaintiff's due process claim must be dismissed because it does not fall within the jurisdiction of this Court.

### CONCLUSION

For the reasons stated above, defendant's motion to dismiss is granted, and plaintiff's complaint is to be dismissed for failure to state a claim upon which relief can be granted. Each party to bear its own costs.