**Woodrow YOKUM and Wanda Yokum**

v.

**The UNITED STATES.**

No. 322–85L.

United States Claims Court.

Oct. 24, 1986.

Richard W. Cardot, Elkins, W. Va., for plaintiffs.

Alan Brenner, Washington, D.C., for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

WHITE, Senior Judge.

This is the second dispositive motion to be considered by the court in the present case.

The complaint sets out claims against the Government in two separate counts. Count I was disposed of by the court on a motion for summary judgment filed by the defendant.[1] The court granted the motion as to Count I, and directed that Count I be dismissed after the conclusion of the proceedings relative to Count II. *See Yokum v. United States,* 9 Cl.Ct. 602 (1986).

Count I alleged that the defendant, without paying just compensation to the plaintiffs, had taken certain fields and a barn on a farm owned by the plaintiffs in West Virginia, and had used the real estate for more than 14 years for the storage of property which federal officers had seized on the Yokum farm after serving search warrants.

---

1. The motion was originally filed as a motion to dismiss, but it was subsequently converted into a motion for summary judgment.

In its decision on Count I of the complaint, the court held that the plaintiffs were not entitled to recover on their "taking" claim based upon the Fifth Amendment to the Constitution, because the claim was barred by the applicable 6–year statute of limitations (28 U.S.C. § 2501).

The defendant's present motion relates to Count II of the complaint in the *Yokum* case. That count deals principally with the alleged conversion by the defendant of certain items of personal property which (according to the plaintiffs) belonged to them. This aspect of the case will be discussed later.

■ Count II of the complaint, however, also contains a paragraph asserting that the defendant failed to maintain the barn properly during the 14–year use of the barn by the defendant for storage purposes, with the result that the plaintiffs, after recovering possession of the barn, had to make repairs costing approximately $1,000. This allegation is really an aspect of the temporary "taking" or storage claim, which the plaintiffs set out in Count I of the complaint and which the court considered and rejected in its earlier opinion. In a situation where a plaintiff is entitled to just compensation for the temporary taking of real property by the Government, the measure of recovery includes the cost of placing the property in its pre-taking condition. *See Eyherabide v. United States*, 170 Ct.Cl. 598, 607, 345 F.2d 565, 570 (1965). As the court held in its previous decision, the plaintiffs are not entitled to just compensation in this case because their "taking" claim is time-barred.

■ Considered outside the context of the "taking" claim, any damage wrongfully done by government personnel to the plaintiffs' barn would amount to tortious conduct; and cases "sounding in tort" are expressly excluded from this court's jurisdiction (28 U.S.C. § 1491(a)(1)).

Turning now to the plaintiffs' conversion claim, Count II of the complaint alleges that when the Government removed the seized property from the Yokum farm, the Government removed, and later destroyed or disposed of, two items of property that belonged to the plaintiffs. One of the property items was said to be approximately 9,000 feet of copper pipe, having a value of approximately $9,000. The other item of property allegedly converted by the Government was a piece of heavy equipment, referred to as an International Gradeall, having a value of approximately $50,000.

The plaintiffs seek reimbursement for the copper pipe and for the International Gradeall under the theory that the defendant entered into an implied-in-fact contract of bailment with the plaintiffs, and that the defendant breached this contract by failing to return the goods. This theory, however, does not wash under the admitted facts of the present case.

The plaintiffs admitted in their complaint that the defendant seized the International Gradeall pursuant to a search warrant. Subsequently, at the oral argument on the pending motion, counsel for the plaintiffs conceded that the copper pipe was also seized pursuant to a search warrant.

■ Cases decided by this court establish that no implied-in-fact contract of bailment exists between the Government and a property owner concerning goods which the Government lawfully seizes. *Shaw v. United States*, 8 Cl.Ct. 796, 799 (1985); *Hatzlachh v. United States*, 7 Cl.Ct. 743, 748–50 (1985). It is clear, therefore, that the defendant did not enter into an implied-in-fact contract of bailment with the plaintiffs regarding the copper pipe or the International Gradeall. Accordingly, assuming that the property was removed from the Yokum farm and was later wrongfully disposed of by personnel of the defendant, the court would not have authority to adjudicate the plaintiffs' conversion claim under the court's jurisdiction to enter judgment on a claim founded upon a contract implied in fact.

An implied-in-fact contract of bailment is the only basis for jurisdiction that the plaintiffs assert in connection with their claim of conversion relative to the copper

pipe and the International Gradeall. On the facts alleged, moreover, it appears that none of the other bases for jurisdiction set out in this court's limited grant of authority from the Congress (28 U.S.C. § 1491 (1982)) would cover the plaintiffs' conversion claim.

### Conclusion

For the reasons stated in this order, the court concludes that it does not have jurisdiction to consider the merits of the plaintiffs' conversion claim, or the merits of the plaintiffs' barn damage claim, asserted in Count II of the complaint.

Accordingly, the defendant's motion to dismiss is granted as to the conversion claim, and the dismissal of the barn damage claim is ordered by the court *sua sponte.*

The court further concludes that, on the basis of the court's order of February 28, 1986, granting summary judgment to the defendant on Count I of the complaint, and the order of this date as to Count II of the complaint, the plaintiffs are not entitled to recover.

The clerk will therefore dismiss the complaint.

No costs.

IT IS SO ORDERED.