**Michel LaCHANCE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 640–87C.**

United States Claims Court.

June 29, 1988.

Joseph A. Faraldo, Kew Gardens, N.Y., for plaintiff.

Scott P. Boylan, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

## ORDER

### MOODY R. TIDWELL, III, Judge:

This action came before this court on defendant's motion to dismiss the complaint under RUSCC 12(b)(1) for lack of subject matter jurisdiction. Defendant sought dismissal of plaintiff's claims because plaintiff grounded his complaint in noncompensable constitutional provisions and because plaintiff had previously pursued his claim by way of administrative forfeiture. Plaintiff responded to defendant's motion by asserting that, regardless of the administrative forfeiture process, this court had jurisdiction because the seizure of plaintiff's property lacked probable cause and was thus in violation of plaintiff's fourth amendment rights and due process of law.

## FACTS

On September 9, 1985, plaintiff, Michel LaChance, attempted to leave the United States for Canada from La Guardia Airport with $49,000 in United States currency. Plaintiff was stopped by an agent of defendant, Drug Enforcement Administration of the United States, and questioned as to the origin of the $49,000. Plaintiff asserted that he had obtained the money from the sale of a horse and from legal gambling winnings at the race track. Plaintiff further identified himself as a professional harness racing driver. Defendant thereafter informed plaintiff that the $49,000 could not be taken out of the country. In response to this information, plaintiff returned to the airport parking lot and placed the $49,000 in the trunk of a borrowed car. Plaintiff then returned to the terminal where he was again approached by agents of defendant and asked the whereabouts of the $49,000 and to show it to them once again. In compliance with their request, plaintiff took defendant's agents to the terminal parking lot and opened the trunk of the car where the money had been placed. Defendant's agents then placed the money in a brown paper bag which had been in the trunk of the car, issued plaintiff a receipt, and removed the money to Kennedy Airport for testing. At Kennedy Airport, a narcotics sensitive dog emitted a positive alert toward the bag of money.

Thereafter, by letter dated December 2, 1985, defendant formally notified plaintiff that the $49,000 was seized for violation of 21 U.S.C. § 881 (1982 & Supp. III 1985) and that steps were being taken to forfeit the money pursuant to 19 U.S.C. §§ 1607–1618 (1982 & Supp. III 1985), 21 C.F.R. § 1316.71–.81 (1985) and 28 C.F.R. § 9.1–.7 (1985). Copies of these statutes and regulations, which explained the limitations on plaintiff's ability to obtain either judicial or

administrative relief, were provided to plaintiff and accompanied defendant's letter. On December 7, 1985, plaintiff petitioned defendant for return of the $49,000. By letter dated February 24, 1986, plaintiff's petition was denied. On March 20, 1986, plaintiff requested a reconsideration of the denial of his petition for return of the funds. The request for reconsideration was granted. However, on May 15, 1986, after a reassessment of plaintiff's entire case, defendant affirmed its prior denial of plaintiff's petition.

On or about November 12, 1986, after having exhausted all of the available administrative remedies, plaintiff commenced an action against the United States in the United States District Court, Eastern District of New York, seeking the return of the $49,000. On defendant's motion, the district court dismissed plaintiff's complaint for lack of subject matter jurisdiction. The district court did so because plaintiff had previously pursued his claim by way of administrative forfeiture, and such forfeiture, the court found, was not subject to judicial review. *LaChance v. Drug Enforcement Admin.*, 672 F.Supp. 76, 78–80 (E.D.N.Y.1987). Thereafter, plaintiff filed a complaint in this court asserting that this court had jurisdiction because his action was "based on the Constitution" and he sought "recovery of an amount in excess of Ten Thousand ($10,-000.00) Dollars." Defendant responded with its RUSCC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

## DISCUSSION

■ In its motion, defendant contended that this court lacked jurisdiction over plaintiff's claim because the complaint was based entirely upon noncompensable constitutional provisions and because plaintiff had previously pursued his claim by way of administrative forfeiture. Defendant contended that the constitutional provisions relied upon were not cognizable under the Tucker Act and that the administrative for-

feiture procedures were exclusive and not reviewable by the judiciary.

Plaintiff asserted that this court had jurisdiction because plaintiff's claim was based on a violation of the fourth amendment to the United States Constitution and that his right to due process had been violated because the taking and seizure were without probable cause.

Plaintiff, in his complaint and response, asserted jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1982), which states in relevant part:

> The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Plaintiff based his complaint on the Constitution, specifically an unlawful fourth amendment seizure and fifth amendment denial of due process.[1] Because the Tucker Act, in and of itself, is insufficient to create any substantive right enforceable against the United States for money damages, *United States v. Mitchell*, 463 U.S. 206, 216, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983); *Kelly v. United States*, 826 F.2d 1049, 1051 (Fed.Cir.1987); *United States v. Connolly*, 716 F.2d 882, 885 (Fed. Cir.1983), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); *Best v. United States*, 10 Cl.Ct. 213, 215 (1986), the source of law upon which a claim is founded must mandate the payment of money damages by the federal government. *Mitchell*, 463 U.S. at 218, 103 S.Ct. at 2968; *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976); *Austin v. United States*, 206 Ct.Cl. 719, 723, *cert. denied*, 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975); *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 605–07, 372 F.2d 1002, 1007–09 (1967).

---

1. Plaintiff did not explicitly allege a fifth amendment denial of due process. However, the court concluded that plaintiff's allegation, that the seizure denied him "due process of law," could only be a denial under the fifth amendment to the Constitution.

The fourth amendment of the United States Constitution, upon which plaintiff based his claim in part, prohibits unreasonable searches and seizures; it allows warrants for seizure only when there is probable cause. However, the fourth amendment does not mandate the payment of money by the United States. *Shaw v. United States*, 8 Cl.Ct. 796, 800 (1985); *Royce v. United States*, 1 Cl.Ct. 225, 226 (1982). Similarly, the fifth amendment constitutional right to due process does not mandate a payment of money by the United States. *Walton v. United States*, 213 Ct.Cl. 755, 757 (1977); *Muehlen v. United States*, 209 Ct.Cl. 690, 690, 529 F.2d 533 (1976); *Shaw*, 8 Cl.Ct. at 800; *Prevado Village Partnership v. United States*, 3 Cl.Ct. 219, 228 (1983); *Royce*, 1 Cl.Ct. at 226. As a consequence, this court, notwithstanding alleged violations of plaintiff's constitutional rights, cannot assert jurisdiction over plaintiff's claims based on the fourth amendment search and seizure provisions, or fifth amendment due process grounds.

■■■ The Claims Court would have jurisdiction over the issues at bar if plaintiff had grounded its claim upon either an implied contract or a fifth amendment taking without just compensation. 28 U.S.C. § 1491. Implied-in-fact contracts require the same mutuality of intent, offer and acceptance, and showing that the agent whose conduct is relied upon had actual authority to bind the government as do express contracts. *Orchards v. United States*, 749 F.2d 1571, 1575 (Fed.Cir.1984), *cert. denied*, 474 U.S. 818, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985); *Russel Corp. v. United States*, 210 Ct.Cl. 596, 608–09, 537 F.2d 474, 481–82 (1976), *cert. denied*, 429 U.S. 1073, 97 S.Ct. 811, 50 L.Ed.2d 791 (1977); *Sperry Corp. v. United States*, 13 Cl.Ct. 453, 458–59 (1987). Plaintiff has simply not alleged any of these essential elements.

Plaintiff failed to allege any promise, representation, statement, or assertion by defendant that would have created an implied-in-fact contract to return plaintiff's money. In addition, an implied-in-fact contract of bailment does not automatically arise every time defendant seizes personal property in exercise of its police powers. *Yokum v. United States*, 11 Cl.Ct. 148, 149 (1986); *see Shaw*, 8 Cl.Ct. at 799; *Hatzlachh Supply Co. v. United States*, 7 Cl.Ct. 743, 748–51 (1985). Furthermore, plaintiff did not allege a taking without just compensation.[2] On facts such as these, where the seizure and forfeiture of plaintiff's money are within the normal regulatory processes there is no taking for which fifth amendment just compensation is due. *Cf. Shanbaum v. United States*, 1 Cl.Ct. 177, 179 (1982), *aff'd*, 723 F.2d 69 (Fed.Cir.1983) (FCC regulatory takings do not command just compensation).

Even if plaintiff had asserted a claim based on violations over which this court would have had jurisdiction, sections 1316.-77–.78 of Title 21 of the Code of Federal Regulations, under which plaintiff's money was forfeited, granted the judiciary jurisdiction only if plaintiff filed a claim and a bond within twenty days of the seizure. Plaintiff failed to comply with this requirement. This court would, therefore, lack jurisdiction to address possible claims at this time. Furthermore, in reviewing a seizure and forfeiture case taken through administrative procedures, it would be improper for a court to reach the merits of the administrative decision. *United States v. One 1970 Buick Riviera*, 463 F.2d 1168, 1170 (5th Cir.1971), *cert. denied sub nom. National Am. Bank v. United States*, 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972). Accordingly, this court must refrain from so reaching the merits now. The United States District Court for the Eastern District of New York discussed forfeiture and judicial review at length.

**2.** The court is unable to read plaintiff's complaint as asserting a takings claim. Plaintiff's Complaint, ¶ 26, alleged that "the seizure and retention of the currency [were] taken without just cause." The court concludes that this addresses the constitutional issues argued by plaintiff in his brief, *i.e.,* fourth amendment, and fifth amendment due process, not fifth amendment takings without just compensation. *Royce*, 1 Cl.Ct. at 226 ("While the court does have jurisdiction over claims of taking without just compensation, plaintiff simply has not alleged [or argued] such a taking.") (citation omitted).

*LaChance,* 672 F.Supp. at 78–80 (and cases cited therein). This court concurs with the district court's analysis and decision administrative forfeiture, claims and judicial review.

### CONCLUSION

This court does not have jurisdiction over fourth amendment search and seizure nor fifth amendment due process claims arising out of an alleged seizure without probable cause. The allegations in plaintiff's complaint, when reasonably construed, fail to present any other claim over which this court might exercise subject matter jurisdiction. Defendant's motion to dismiss is granted. The Clerk is directed to dismiss plaintiff's complaint, costs to the prevailing party.

IT IS SO ORDERED.