IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-60851
Summary Calendar

WILSON D WATSON

Petitioner-Appellant

V.

COMMISSIONER OF INTERNAL REVENUE

Respondent-Appellee

Appeal from the Decision of the
United States Tax Court
(18616-03)

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Wilson Watson ("Watson") appeals the orders of the United States Tax Court in four consolidated cases that required Watson to pay almost $30,000 in back taxes and penalties. On appeal, Watson does not challenge the specific findings of the Tax Court, but instead contends that the Tax Court lacked jurisdiction over the proceedings. Specifically, Watson argues that the Tax Court lost jurisdiction over the proceedings when the Internal

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Revenue Service ("IRS") did not respond to his arguments that there was no law permitting the taxation. Watson first presented these arguments in briefs that he attached to his tax returns in 1998, 1999, 2001, and 2002 that he filed "under protest," and he has continued to press these arguments throughout the Tax Court proceedings and this appeal. Because we conclude that the Tax Court had jurisdiction and that Watson's income was taxable, we affirm the orders of the Tax Court.

Between 2003 and 2004, the IRS sent Watson four notices of deficiency regarding his taxes for the years 1998, 1999, 2001, and 2002. As permitted by 26 U.S.C. § 6213, Watson filed four petitions with the Tax Court for a redetermination of the alleged deficiencies. The Tax Court consolidated the cases and ultimately concluded that Watson owed taxes and penalties for the years 1998 and 1999, but that Watson did not owe taxes for 2001 and 2002. Watson has appealed.

Turning first to jurisdiction, we have held that "[t]he Tax Court acquires jurisdiction when a taxpayer files a timely petition contesting a notice of deficiency issued by the Commissioner." Selgas v. Comm'r, 475 F.3d 697, 699 (5th Cir.), cert. denied, 128 S. Ct. 180 (2007); see also 26 U.S.C. § 6214(a) (stating that "the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency"). Here, Watson filed four petitions with the Tax Court asking it to rule on his objections to the notices of deficiency that he received. Thus, the Tax Court had jurisdiction to determine whether Watson owed the taxes as claimed by the IRS or, instead, whether Watson's contention that he did not owe taxes was correct.[1]

Having correctly exercised jurisdiction, the Tax Court also correctly determined that Watson's income was taxable. Pursuant to 26 U.S.C. § 1, an

---

[1] There is no merit to Watson's argument that the Tax Court was required to specifically rule on each and every one of his objections before it could exercise jurisdiction.

individual's "taxable income" is taxed at a rate that is determined by the individual's status (married, unmarried, etc.) and the amount of his taxable income. "Taxable income" is defined as "gross income" minus certain deductions, see 26 U.S.C. § 63(a), and "gross income" means "all income from whatever source derived, including . . . [c]ompensation for services . . . [i]nterest . . . [d]ividends . . . [and] [a]nnuities . . . ." Id. § 61(a). Therefore, the Tax Code clearly imposes a tax on the income Watson seeks to exclude from taxation, namely his income for services rendered and his pension payments. Consequently, the Tax Court appropriately ruled that Watson owed taxes for the years 1998 and 1999.[2]

Because the Tax Court had jurisdiction and correctly concluded that Watson's income was taxable, we AFFIRM the orders of the Tax Court.

AFFIRMED.

---

[2] Watson makes no legal argument that the Tax Court incorrectly assessed the penalties it imposed on him; therefore, we find no error in those portions of the Tax Court's orders.