NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5060

FRANK J. DUMONT,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Frank J. Dumont, of Casselberry, Florida, pro se.

Teresa T. Milton, Attorney, Appellate Section, Tax Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With her on the brief was John A. DiCicco, Acting Assistant Attorney General.

Appealed from:  United States Court of Federal Claims

Judge Charles F. Lettow

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5060

FRANK J. DUMONT,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 08-CV-866, Judge Charles F. Lettow.

_____

DECIDED: August 6, 2009

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE, <u>Circuit Judge</u>, and CLARK, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Frank J. Dumont appeals from the final decision of the United States Court of Federal Claims ("Claims Court") dismissing his complaint for lack of subject matter jurisdiction.

---

[*]     Honorable Ron Clark, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

<u>Dumont v. United States</u>, 85 Fed. Cl. 425 (2009). Because we agree that the Claims Court did not have subject matter jurisdiction over Dumont's refund claims or over his claims for damages and equitable or injunctive relief, we <u>affirm</u>.

BACKGROUND

On April 15, 2004, Dumont filed a request for an extension of time to file his income tax return for the year 2003. He received an extension until August 15, 2004, and then received a second extension until October 15, 2004, with the two extensions totaling six months. Dumont did not, however, file his 2003 return until April 11, 2008. On that return, he reported that he owed income tax in the amount of $1,536, but that because of income tax withholding credits in the amount of $2,276.83, he had overpaid his taxes by $740.83. Dumont also filed his income tax return for 2004 on April 11, 2008. He reported that his income tax liability for the year was $9,044 and that, because of withholding credits in the amount of $9,570.37, he had overpaid his taxes by $526.37.

On May 21, 2008, Dumont commenced the instant action, seeking to recover income taxes allegedly overpaid for 2003 and 2004, as well as damages attributable to the conduct of the Internal Revenue Service ("IRS") in withholding refunds and in threatening to assess and collect taxes from him. The government filed a motion to dismiss Dumont's claims for lack of subject matter jurisdiction and failure to state a claim for relief. Dumont opposed the government's motion to dismiss and also sought "protection" from allegedly wrongful assessment and collection activities of the IRS. Dumont further asserted that the government had engaged in violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). He sought summary

2009-5060

judgment, a default judgment, and sanctions against the government. The government opposed Dumont's motions.

On January 29, 2009, the Claims Court granted the government's motion to dismiss the complaint. The court concluded that it lacked subject matter jurisdiction over all of Dumont's claims and also denied his motions for summary judgment, a default judgment, and sanctions. First, the court held that it lacked subject matter jurisdiction over his refund claims for 2003 and 2004 under § 6532(a)(1) because Dumont had not allowed six months to elapse after filing those claims before filing his lawsuit, and the IRS had not sooner denied the claims. Second, the court held that it was deprived of subject matter jurisdiction over the 2003 refund claim by § 6511(b)(2)(A) because Dumont had not made any payment within the three years and six months prior to his request for a refund. Finally, the court held that it lacked jurisdiction over Dumont's claims for other types of relief. In light of its conclusion that it lacked jurisdiction over the whole of the complaint, the court denied Dumont's request for a default judgment and summary judgment. The court also denied his motion for sanctions, finding no improper purpose could be inferred from a quickly-corrected error in the caption of an extension motion filed by the government.

Dumont timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).


DISCUSSION

We review the dismissal of a complaint for lack of subject matter jurisdiction de novo. Albright v. United States, 10 F.3d 790, 793 (Fed. Cir. 1993). The Tucker Act, 28

2009-5060

-3-

U.S.C. § 1491(a)(1), sets forth the jurisdiction of the Claims Court to hear claims against the United States where the suit is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." Congress has further provided in 28 U.S.C. § 1346(a)(1) for concurrent jurisdiction in the federal district courts and the Claims Court with respect to "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." These provisions are merely general jurisdictional provisions that, by themselves, do not waive sovereign immunity to permit a suit against the government; a specific waiver is required. See United States v. Testan, 424 U.S. 392, 398 (1976).

The specific waiver of sovereign immunity that permits suit for a tax refund is contained in § 7422(a) of the Code:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

I.R.C. § 7422(a) (emphases added). The provisions of law and regulations setting forth the requirements for a "duly filed" refund claim include § 6511 of the Code and the regulations thereunder. As the Supreme Court has explained,

> A taxpayer seeking a refund of overpaid taxes ordinarily must file a timely claim for a refund with the IRS under 26 U.S.C. § 6511. That section contains two separate provisions for determining the timeliness of a refund claim. It first establishes a filing deadline: The taxpayer must file a claim for a refund "within 3 years from the time the return was filed or 2 years

2009-5060

-4-

from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." § 6511(b)(1) (incorporating by reference § 6511(a)). It also defines two "look-back" periods: If the claim is filed "within 3 years from the time the return was filed," ibid., then the taxpayer is entitled to a refund of "the portion of the tax paid within the 3 years immediately preceding the filing of the claim." § 6511(b)(2)(A) (incorporating by reference § 6511(a)). If the claim is not filed within that 3-year period, then the taxpayer is entitled to a refund of only that "portion of the tax paid during the 2 years immediately preceding the filing of the claim." § 6511(b)(2)(B) (incorporating by reference § 6511(a)).

Commn'r v. Lundy, 516 U.S. 235, 239-40 (1996) (emphases in original) (footnote omitted).  Furthermore, even if a refund claim has been timely filed for the purposes of the "filing deadline" of § 6511(a) and the applicable "'look-back' period" of § 6511(b), a suit on that claim cannot be instituted until either the IRS denies the claim or six months pass without its taking any action:

No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time.

I.R.C. § 6532(a)(1).  Under this statutory scheme, the provisions in issue in this case—§§ 6511(a), 6511(b)(2), and 6532(a)(1)—are all jurisdictional in nature, and a suit that fails to satisfy any of these provisions must be dismissed for lack of subject matter jurisdiction.  See Lundy, 516 U.S. at 240 (noting that "the provisions governing refund suits in United States District Court or the United States Court of Federal Claims . . . make timely filing of a refund claim a jurisdictional prerequisite to bringing suit"); In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig., 530 F. Supp. 2d 281, 296 (D.D.C. 2008) (dismissing a refund suit that was filed less than six months after a claim was filed and on which the IRS had not yet rendered a decision as premature under

§ 6532(a)(1)). Having laid out these jurisdictional limitations, we now turn to the parties' arguments in the instant matter.

Dumont argues that the Claims Court incorrectly characterized his complaint as a tax refund claim, whereas his complaint was for "the illegal determination and assessment of taxes." Appellant's Br. 1. Dumont asserts that 28 U.S.C. § 1346(a)(1) provided the Claims Court with jurisdiction over this claim for illegally assessed taxes. Similarly, he argues that the Claims Court incorrectly characterized his claim for coercive damages as a tort claim. He contends that "threats of Extortion, actual money dispossession of extortion, unlawful reporting of income to the IRS by the Social Security Administration utilized in illegally assessing taxes" are grounds for granting "Coercive Damages, i.e. Damages resulting from coercive acts affecting the Appellant's rights." Appellant's Br. 2.

Dumont then alleges that the Claims Court ignored a number of facts, including the 2003 and 2004 tax refund amounts that are at the heart of this matter and other checks, which he admits were never cashed by the government, and argues that the Tucker Act grants the Claims Court jurisdiction because he is due money damages. With regard to the uncashed checks, which he made out to the Claims Court, he alleges extortion by the government, and argues that this felony provides a source of law creating a substantive right mandating compensation, thus invoking the Claims Court's jurisdiction under the Tucker Act. He further contends that he was denied due process because the Claims Court granted the government several motions for extensions, thus "committing the forbidden Act of Ex Parte Communications, which is grounds for disbarment of both Judge Lettow and Appellee's counsel." Appellant's Br. 3. Dumont

2009-5060

-6-

argues that the Claims Court's opinion contains false statements, primarily involving the characterization of his suit for "illegal assessment" of taxes as a tax refund case, and contends that the Claims Court applied the wrong law to his lawsuit. Finally, Dumont repeats his allegations of criminal fraud committed by the Social Security Administration and requests a default judgment, summary judgment in his favor, monetary sanctions, money damages, and coercive damages for the government's commission of coercive acts, threats of extortion, and violations of RICO.

In response, the government argues that Dumont's income tax returns for the years 2003 and 2004, which disclosed overpayments, were considered claims for a refund within the meaning of § 6511. Although the returns were filed late, the government states that Dumont's refund claims were considered to be filed simultaneously with the returns and thus that he did not run afoul of the filing deadline of § 6511(a). However, the government contends that his refund claim for the year 2003 was time-barred under the "look-back" rule in § 6511(b)(2)(A), which limits a taxpayer's recovery to the amount of tax paid within three years plus any extension of time granted to file the return. In Dumont's case, he was granted two extensions totaling six months, giving him three years and six months to file a refund claim. Thus, under § 6511(b)(2)(A), the government asserts that because the amount he seeks to recover from his 2003 return is deemed paid on the day his return was due, i.e., April 15, 2004, and because his refund claim is considered filed on the day he actually filed his 2003 return, i.e., April 11, 2008, Dumont's refund claim is time-barred. Furthermore, the government contends that his suit on both the 2003 and 2004 claims was premature under § 6532(a)(1), as he filed suit in May 21, 2008, only a month and ten days after

filing his refund claim, and did not allege that the IRS had taken any action on his claims. The government notes that Dumont's complaint and appeal both expressly assert that he is entitled to the return of money illegally collected from him, and thus the Claims Court did not err in treating his compliant as one seeking a tax refund.

The government then argues that the Claims Court correctly determined that none of Dumont's remaining claims offered any basis for exercise of the court's jurisdiction. The government asserts that the Claims Court properly characterized his claim for damages caused by allegedly unlawful collection activities of the IRS to be a tort claim, and the Tucker Act expressly limits the jurisdiction of the Claims Court to cases not sounding in tort. The government notes that § 7433 of the Code allows for damages from wrongful collective action by an officer or employee of the IRS, but that type of action can only be brought in a district court. Similarly, the government argues that Dumont's claim for allegedly fraudulent actions by the Social Security Administration, which would presumably involve review of an adverse determination by the Commissioner of the Social Security Administration, could only have been brought in district court. The government also argues that Dumont's RICO claim is for criminal misconduct, which is outside of the Claims Court's jurisdiction. The government asserts that his claim of deprivation of due process creates no independent cause of action for money damages, which is required for a claim under the Tucker Act. Finally, the government contends that the Tucker Act does not confer jurisdiction on the Claims Court to issue declaratory or injunctive relief unless such relief is ancillary to a pending monetary claim, and since the court lacked jurisdiction over Dumont's refund action, his request for "protection" from the IRS, standing alone, does not fall within the Claims

Court's jurisdiction. Regardless, the government argues that equitable relief is generally unavailable in cases involving tax matters, with express exceptions, none of which are invoked by Dumont or apply to his case.

We agree with government that the Claims Court properly dismissed Dumont's complaint for lack of subject matter jurisdiction. As an initial matter, we fail to see how there is any distinction in this case between a tax refund suit and Dumont's allegation of "illegal determination and assessment of taxes." Dumont is undisputedly seeking a refund of some portion of alleged overpayments on his 2003 and 2004 tax returns. Appellant's Br. 13. His numerous allegations of wrongdoing by the IRS are, when read in the most favorable light, heated requests for a tax refund and ancillary monetary relief for governmental actions partially related to his tax refund.

To that end, Dumont's repeated assertions that the Claims Court has jurisdiction under 28 U.S.C. § 1346(a)(1) to hear his claim for the allegedly illegal determination and assessment of his taxes fail to acknowledge that that statute, as discussed supra, is merely a general jurisdictional statement of concurrent jurisdiction between the Claims Court and the district courts for tax refund claims. The Claims Court's jurisdiction over tax refund suits arises under the Tucker Act, 28 U.S.C. § 1491(a)(1), which itself does not provide a substantive right of recovery against the United States. The Tucker Act confers jurisdiction only where the plaintiff identifies an accompanying substantive claim that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." United States v. Mitchell, 463 U.S. 206, 217 (1983) (quotation omitted). In this case, Dumont's substantive claim must fall under § 7422(a) of the Code, which contains the specific waiver of sovereign immunity for tax refunds.

Here, as the Claims Court correctly determined, Dumont's suit does not fall within § 7422(a) because it fails to meet the jurisdictional thresholds of a refund claim being "duly filed" with the IRS, as described in § 6511(b)(2)(A) and § 6532(a)(1). In fact, Dumont admits in his brief that "the 2003 tax return was filed beyond the 3-year time limit [of § 6511(b)(2)(A)] and does not entitle the Appellant to a tax refund." Appellant's Br. 2. It is also clear that the Claims Court properly recognized that both the 2003 and 2004 refund suits were prematurely filed under § 6532(a)(1).[1]

As for Dumont's remaining allegations, the Claims Court properly dismissed his claims and refused to grant any of his motions. The checks that he claims were extorted from him were, for reasons we cannot fathom, made out to "Clerk, U.S. Court of Federal Claims." They were also never cashed. We fail to see how Dumont can even conceive of an extortion claim under these facts. Regardless, a felony claim for extortion is clearly not within the Claims Court's jurisdiction because the Claims Court has no jurisdiction over claims of criminal misconduct, including his further assertion of a claim arising under RICO. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994). In addition, as the Claims Court found, when viewed in the light most favorable to him, Dumont's claim for damages caused by alleged unlawful collection activities of the IRS differs from his tax refund claim and instead puts forward a tort claim against the government. As the Tucker Act specifies, the Claims Court has no jurisdiction over claims premised on tort. 28 U.S.C. § 1491(a)(1).

---

[1] Dumont notes in his reply brief that he has since received a tax refund for 2004 of $575.13. Thus, the appeal of the dismissal of his 2004 refund claim is also moot.

2009-5060

Dumont's claim that he was denied due process because the Claims Court granted the government several time extensions does not involve any money-mandating constitutional provision, statute, regulation, or contract with the United States and thus does not fall within the Claims Court's jurisdiction as required by the Tucker Act. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Similarly, the Claims Court also properly rejected his claim for "protection" against unlawful dispossession of money since that claim seeks declaratory or injunctive relief, and the Tucker Act does not provide independent jurisdiction over such claims for equitable relief. Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing United States v. King, 395 U.S. 1, 2-3 (1969)).

Dumont's argument made on appeal that the Claims Court's opinion contained false statements, applied the wrong law, and should be subject to "involuntary dismissal" provides no grounds for reversing the court's finding that it lacked jurisdiction over Dumont's claims. Furthermore, it does not help Dumont's case to assert that a federal judge and opposing counsel should be disbarred, simply because they disagree with his version of the facts.

Dumont's repeated allegations of money owed to him by the Social Security Administration clearly fall outside of the Claims Court's jurisdiction, as it lacks jurisdiction to hear claims arising out of the Social Security Act. Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990). To the extent that he is alleging criminal fraud by the Social Security Administration, the Claims Court has no jurisdiction over claims of criminal misconduct, as we explained above. See Joshua, 17 F.3d at 379.

2009-5060

-11-

Because not a single one of Dumont's allegations falls within the Claims Court's jurisdiction, the court properly denied his motions for a default judgment, summary judgment, and damages. Finally, we agree with the Claims Court that the government's questioned conduct—which consisted of filing a motion captioned "Defendant's Unopposed Motion for Enlargement of Time" when Dumont had not consented to the enlargement and which was promptly corrected by deleting the word "Unopposed"— falls far short of sanctionable conduct.

For the foregoing reasons, the Claims Court properly dismissed Dumont's complaint for lack of subject matter jurisdiction and denied each one of his motions. Accordingly, we affirm.

2009-5060