Norman Douglas DIAMOND and Zaida
Goleña del Rosario, Plaintiffs,

v.

UNITED STATES, Defendant.

No. 12–358T

United States Court of Federal Claims.

(Filed: December 11, 2012)

Norman Douglas Diamond and Zaida Goleña del Rosario, pro se, Ome City, Tokyo,
Japan.

Michael Ronickher, Tax Division, United
States Department of Justice, Washington,
D.C., for defendant. With him on the briefs
were Kathryn Keneally, Assistant Attorney
General, Tax Division and David I. Pincus,
Chief, Court of Federal Claims Section, Tax
Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

In this case, plaintiffs Norman Douglas Diamond and Zaida Goleña del Rosario request monetary relief in the form of a refund of income taxes for 2005 that were allegedly wrongfully withheld. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").

## BACKGROUND

Plaintiffs reside in Japan and paid income taxes in this country through withholding on income generated by investments in the United States during calendar year 2005.[1] They claim that they are owed $10,645.40 which was withheld during 2005 and was not refunded by the Internal Revenue Service ("IRS"). Compl. at 11. On June 4, 2006, they filed a joint tax return in the United States for the year 2005. Compl., unnumbered attach. at 21–35. Their tax return included IRS forms 1040 (U.S. Individual Income Tax Return), 6781 (Gains and Losses from Section 1256 Contracts and Straddles), and 1116 (Foreign Tax Credit). *Id.* They claimed a refund in the total amount of tax which had been withheld during the year.

Plaintiffs did not complete these forms in conventional fashion. In addition to the IRS forms, their return was accompanied by a statement from plaintiffs regarding discrepancies in the filing. First, plaintiffs did not include social security numbers or taxpayer identification numbers with their return, instead writing "see statement" in the provided blank space. Compl., unnumbered attach. at 21, 32–35. Second, on Form 1040, plaintiffs crossed out portions of the jurat above the signature line where the form reads "to the best of my knowledge and belief, [these statements] are true, accurate and complete," instead referring the reader to the attached statement for explanation. *Id.* at 22.[2] Third, on line 7 of Form 1040, plaintiffs entered a zero for "wages, salaries, tips, etc.," once again indicating that the statement could explain more fully. *Id.* at 22. Fourth, plaintiffs entered a sum of zero dollars on line 1 of form 1116 for "gross income from sources within [a foreign country]," writing that this amount was reached "after 2555 exclusion" and once again directing the reader to the statement. *Id.* at 28. Fifth, plaintiffs did not file an accompanying form 2555 regarding their foreign income.[3] Sixth, plaintiffs did not complete a TDF 90–22.1 (Report of Foreign Bank and Financial Accounts), which is a required filing for individuals with an interest in foreign financial accounts. *See* Def.'s Mot. to Dismiss at 4.

The attached statement detailed plaintiffs' reasons for the listed aberrations. Specifically, Mr. Diamond averred in this statement that because of the IRS's "former violations of the Privacy Act of 1974," he was "not aware of any social security numbers that [they could] safely use." Compl., unnumbered attach. at 32, ¶ 2. He explained that he did not sign the jurat as-is because some of the numbers contained in these forms were merely estimates, and that "errors [we]re nearly certain to be incorrect due to [Mr. Diamond's] inability to understand the instruction." *Id.* at 32. Mr. Diamond also stated that he refrained from filing form 2555

---

1. Generally, U.S. payors of income not connected with U.S. businesses, such as dividends and royalties, are required to withhold tax at a flat 30 percent (or lower treaty) rate on non-wage income paid to nonresident aliens. *See* 26 U.S.C. § 871(a). U.S. citizens with foreign addresses may have tax withheld at this rate. If so, they may claim the tax withheld as a withholding credit on their tax return.

2. The unaltered full text of the 1040 form jurat reads: "Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge." The 2005 version of this form may be located at *www.irs.gov/pub/irs-prior/f1040—2005.pdf*.

3. Form 2555 (Foreign Earned Income) is "for use by U.S. citizens and resident aliens only." IRS Form 2555 (heading) (certain capitals omitted).

"[i]n accordance with the 5th amendment to the United States [C]onstitution." *Id.* at 33, ¶ 5.

On September 15, 2006, the IRS wrote plaintiffs, stating that their tax return for 2005 would not be accepted and that it had been deemed frivolous. Compl., unnumbered attach. at 38–41. The IRS advised that it "[could ]not accept the Form 1040 [it] received from [plaintiffs] for the tax year 2005," because it did not contain information required by law. *Id.* at 41. The IRS did not specify what information plaintiffs were required to provide, but it did direct them to the IRS website for further guidance and gave instructions for future communication. This letter was received by plaintiffs in Japan on September 26, 2006. *Id.* at 42. The letter called for a corrected return within thirty days if plaintiffs wished to avoid being assessed a $500 penalty for a frivolous filing. *Id.* at 42. Plaintiffs failed to file a corrected return within that time period and were then assessed a penalty. The penalty is not at issue in this case.[4]

Plaintiffs made efforts to discover what deficiencies afflicted their 2005 tax return. On September 27, 2006, Mr. Diamond responded to the IRS with a letter inquiring as to "what actions ... might be possible in order to remedy" the insufficient return. Compl., unnumbered attach. at 42. On March 16, 2007, plaintiffs submitted Form 911 (Application for Taxpayer Assistance Order) requesting help from the IRS. *Id.* at 43–44. On March 22, 2007, Mr. Diamond wrote again to the IRS expressing confusion and requesting that IRS agents be sent to his home in Japan. *Id.* at 45–46. In February of 2010, Mr. Diamond spoke on the phone with IRS settlement officer Marilyn Richburg, who supposedly informed him that he must refile the 2005 tax returns with his new social security number. Pls.' Response to Def.'s Mot. to Dismiss ("Pls.' Opp'n") at 10, ¶ 68.

On October 4, 2010, plaintiffs refiled a return for 2005 seeking a refund. Def.'s Reply in Support of Mot. to Dismiss ("Def.'s

Reply"), Ex. 3 ("Refiled 2005 Tax Return"). This filing consisted of forms 1040, 1116, and 6781 and cured some, but not all, of the defects of the first filing. Mr. Diamond provided his social security number, but Ms. del Rosario gave neither a social security number nor a taxpayer identification number in the space provided. *Id.* Plaintiffs once again declared $0.00 in foreign income on the 1116 form, writing in "[a]fter 2555 exclusion," but again did not provide form 2555. *Id.* They also did not provide a report of foreign bank and financial accounts. Plaintiffs did sign the forms without crossing out or altering any part of the jurat. *Id.*

On December 22, 2010, the government wrote to plaintiffs requesting additional materials to complete their federal income tax return for 2005. *See* Pls.' Reply in Support Of Objection to Mot. to Dismiss ("Pls.' Reply"), unnumbered attach. at 17. Specifically, the government requested forms W–2, 1042–S, 8805, 8288A, or other U.S. withholding documents to support the withholding of $10,645.40 reported on the refiled 1040. *Id.* at 17. Although documents detailing that withholding are before the court, *see* Compl., unnumbered attach. at 49–53 (broker's report of passive income and withholding), 53–56 (form 1042–S ("Foreign Person's U.S. Source Income Subject to Withholding")), nothing indicates that plaintiffs ever complied with this request.

On March 31, 2011, the government sent a letter to plaintiffs stating that it had once again disallowed the claim for a return of 2005 taxes, this time because the tax return had not been filed within three years of the tax coming due. Compl., unnumbered attach. at 58–61.

On June 5, 2012, plaintiffs filed suit in this court for the refund they claimed for 2005, and which they allege was improperly denied to them by the government.

On August 6, 2012, the government filed a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1). The mo-

---

4. Apparently, collection of the penalty is being contested in Tax Court proceedings docketed as

Nos. 14482–SL, 5516–12SL, and 5518–12SL.

tion has now been fully briefed by the parties and is ready for disposition.

## Standard for Decision

■ When addressing a motion to dismiss for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint to be true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Air Prod. & Chems., Inc. v. Reichhold Chems., Inc.*, 755 F.2d 1559, 1562 n. 4 (Fed.Cir.1985)). However, the burden of establishing the court's jurisdiction resides with the party seeking to invoke it, *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936), and this burden is not satisfied until proven by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citing *Zunamon v. Brown*, 418 F.2d 883, 886 (8th Cir.1969) (quoting *McNutt*, 298 U.S. at 189, 56 S.Ct. 780)); *see also Jascourt v. United States*, 207 Ct.Cl. 955, 521 F.2d 1406 (1975) (stating that plaintiff bears burden of establishing waiver of sovereign immunity).

## Subject Matter Jurisdiction

■ This court has jurisdiction over tax-refund suits under the Tucker Act, 28 U.S.C. § 1491(a)(1), but that jurisdiction is subject to requirements set out in the Internal Revenue Code ("I.R.C.") at 26 U.S.C. § 7422(a). *See Dumont v. United States*, 85 Fed.Cl. 425, 427–28 (2009), *aff'd*, 345 Fed.Appx. 586 (Fed.Cir.2009). Under Section 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." I.R.C. § 7422(a). Therefore, a plaintiff seeking to establish subject matter jurisdiction in this court for a tax refund claim must demonstrate that he or she has first filed that claim with the Secretary of the Treasury in accord with Section 7422. *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 7–8, 128 S.Ct. 1511, 170 L.Ed.2d 392 (2008).

■ To constitute a valid claim for refund, a tax return must satisfy four criteria. "First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return by signing it under penalty of perjury." *Beard v. Commissioner*, 82 T.C. 766, 777 (1984), *aff'd*, 793 F.2d 139 (6th. Cir.1986) (summarizing requirements for a valid return found in *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 55 S.Ct. 127, 79 L.Ed. 264 (1934), and *Florsheim Bros. Drygoods Co. v. United States*, 280 U.S. 453, 50 S.Ct. 215, 74 L.Ed. 542 (1930)). Plaintiffs have now twice filed returns for the taxable year 2005. Both returns must be judged by the *Beard* criteria.

### A. The Original Return

■ The first tax return plaintiffs filed for 2005 was submitted in June 2006. Compl., unnumbered attach. at 21–35. While this return purported to be a tax return, satisfying the second prong of the *Beard* test, it failed the three remaining prongs.

■ The original tax return did not contain sufficient data to calculate tax liability. Neither plaintiff included a social security number or a taxpayer identification number, providing the IRS with no means of verifying their identities. Compl., unnumbered attach. at 21. Plaintiffs listed $0.00 in wage income and $0.00 foreign income and did not disclose their foreign bank and financial accounts. *Id.* at 22, 28. A properly executed return must contain a recital of income; without such essential information, the IRS cannot calculate the tax or refund owed upon the return. *See United States v. Mosel*, 738 F.2d 157, 158 (6th Cir.1984) (holding that entering zeros in place of income constituted failure to include any information upon which tax could be calculated); *Schlabach v. United States*, 101 Fed.Cl. 678, 679, 683 (2011) (holding that a frivolous-tax-return penalty was properly assessed on a tax payee who showed a zero for gross income although he earned more than $16,000 in wages); *Grego-*

*line v. United States,* 99 Fed.Cl. 161, 166 (2011) ("Tax returns that are filled out only with zeros do not contain sufficient financial information to be considered properly executed tax returns."). Although plaintiffs did include other sources of income such as investment income, the zeros entered for wage and foreign income rendered an accurate return impossible to figure. Plaintiffs noted on the forms that in fact they did have foreign income, but that "after 2555 exclusion," the resulting taxable amount was zero dollars. Compl., unnumbered attach. at 28. Because they did not attach form 2555, however, any such exclusion was not verifiable and the return incalculable.

Correlatively, the original tax return was not a reasonable attempt to satisfy the requirements of the tax law. When plaintiffs withheld information regarding wage and foreign income, they could not have reasonably believed that the requirements of filing a tax return had been fulfilled. *United States v. Moore,* 627 F.2d 830, 835 (7th Cir. 1980) ("[I]t is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code.... [T]he government should not be forced to accept as a return a document which plainly is not intended to give the required information."). Plaintiffs' failure to provide information regarding wage and foreign source income was plainly unreasonable.

Additionally, the original return was not executed under penalty of perjury. When plaintiffs crossed out a portion of the jurat, they invalidated their return under the *Beard* test. Compl., unnumbered attach. at 22. Plaintiffs' substitution of a statement regarding the conditions under which they submitted the return did not cure the harm done by altering the jurat. *See Watson v. Commissioner,* 93 T.C.M. (CCH) 1332 (2007), *aff'd,* 277 Fed.Appx. 450 (5th Cir.2008) (holding that alteration of the language of the

jurat invalidates a return); *see also Williams v. Commissioner,* 114 T.C. 136, 140–41 (2000) (holding that either deleting text from the jurat or adding text to the jurat invalidates 1040 forms); *Sloan v. Commissioner,* 102 T.C. 137, 143 (1994) ("[A]lterations of portions of the jurat ... invalidate an otherwise complete and accurate return.").

Because the original return fails three of the four *Beard* criteria, it cannot be considered a valid return and claim for a tax refund within the meaning of I.R.C. § 7422.

### B. The Amended Return

The government has argued that plaintiffs' amended return was untimely under I.R.C. § 6511 and thus invalid because it was filed with the IRS more than three years after the tax was deemed paid. Def.'s Mot. to Dismiss at 6–8.[5] This argument is cast in jurisdictional terms. It ostensibly reflects the position taken by the IRS in its letter to plaintiffs of March 31, 2011, where the Service stated that the amended tax return could not be allowed because "you filed your original tax return more than 3 years after the due date." Compl., unnumbered attach. at 58–61 (Denial of 2011 Claim). The IRS's position was factually mistaken, however. The original return for 2005, however, was *not* submitted more than three years after June 15, 2006, the date it was due. That original return was submitted in June 2006, but was not accepted as a proper return because it was deficient.

Moreover, as a legal matter, the pertinent deadline for submitting a claim for refund to the IRS is either "3 years from the time the return was filed or 2 years from the time the tax was paid, *whichever of such periods expires the later.*" *See* I.R.C. § 6511(a) (emphasis added). Because no proper return had yet been submitted, when plaintiffs filed their "amended" return in October 2010, that return would have been timely under the "whichever ... expires the later" clause of

---

5. The withheld tax was deemed paid on the date the return for the year was due. *See* I.R.C. § 6513(b)(1); *Baral v. United States,* 528 U.S. 431, 435, 120 S.Ct. 1006, 145 L.Ed.2d 949 (2000). Because plaintiffs resided abroad, however, they received an automatic extension until June 15, 2006, to file their return for tax year

2005. *See* I.R.C. § 6072(c) (applicable to "nonresident alien individuals," such as Ms. del Rosario). The filing of a tax return reporting overpayments constitutes a simultaneous filing of such a claim. *See* 26 CFR § 301.6402–3(a)(5); *VanCanagan v. United States,* 231 F.3d 1349, 1351 (Fed.Cir.2000).

Section 6511(a). The amended return would have been the first and only time that a tax return for 2005 had been filed. Consequently, it would have been timely under Section 6511(a), had it been a proper return. *See Murdock v. United States,* 103 Fed.Cl. 389, 394 (2012).[6]

 When plaintiffs filed their amended return in 2010, they cured some of the defects present in the original return and revised some of the figures. Mr. Diamond provided a social security number for himself, and Ms. del Rosario indicated that her application for a taxpayer identification number had been denied, while a request for a social security number was pending. Refiled 2005 Tax Return at 1, 11. The jurat of the 1040 form was signed by both plaintiffs without any alterations or additions. *Id.* at 2. However, the amended return still fails two of the four *Beard* criteria. The amended return does not provide sufficient information to calculate tax liability, nor does it represent a reasonable attempt to satisfy the requirements of tax law.

In the amended return, plaintiffs persisted in omitting any information regarding their wage or foreign income. As in the original return, plaintiffs indicated $0.00 in wage income, and $0.00 in foreign income "after 2555 exclusion." Refiled 2005 Tax Return at 1, 7. Both entries referred the reader to an attached statement similar to the one which accompanied the original return. *Id.* at 11. The statement simply cited to the Fifth Amendment as a rationale for not providing the required information. *Id.* As before, plaintiffs did not include form 2555, nor did they document the amount of foreign income or the rationale for excluding it from U.S. taxation in any other way. For the same reasons as those explained above, plaintiffs'

omission of any information which would enable the IRS to verify their tax invalidates their amended return. Such omissions are just as unreasonable as they were in the original return.

Because the amended return does not provide sufficient information to calculate tax liability and is unreasonably deficient, the amended return fails the *Beard* test and cannot support jurisdiction in this court for a refund claim.

### CONCLUSION

This court does not have subject matter jurisdiction over plaintiffs' claim for a refund of income taxes because plaintiffs have not filed a valid claim for refund with the IRS as required by 26 U.S. § 7422(a). For the reasons stated, the government's motion to dismiss is GRANTED. The clerk shall enter judgment in accord with this decision.

No costs.

It is so **ORDERED.**

---

6. While Subsection 6511(a) did not preclude plaintiffs from filing their 2005 tax return with the IRS in 2010, Subsection 6511(b) would categorically limit the period for which plaintiffs could obtain an actual refund. Under Subsection 6511(b), plaintiffs may obtain a credit or refund not exceeding the portion of the taxes paid within three years of making the claim. I.R.C. § 6511(b). Therefore, a claim made in 2010 on taxes paid fully in 2005 would only reach back to 2007, rendering the maximum amount of recovery $0.00. For a more thorough

discussion of this "look-back-period" limitation, see *Murdock,* 103 Fed.Cl. at 394–95. The look-back-period limitation is a constraint on remedy, not jurisdiction. *Id.*

Notably, the periods of limitation on *suits* are set out in I.R.C. § 6532, which generally allows suits to be brought six months after the filing of a claim for refund in accord with I.R.C. § 7422(a), and up to two years following the denial or disallowance by the I.R.S. of the claim for refund. *See* § 6532(a)(1).