# In the United States Court of Federal Claims

No. 12-624T

(Filed: February 26, 2013)

**(NOT TO BE PUBLISHED)**

| | |
|---|---|
| ********************************** ) | |
| ) | |
| **ONYA J. DILDY,** ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| **v.** ) | |
| ) | |
| **UNITED STATES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ********************************** | |

Onya J. Dildy, *pro se*, Rockville, MD.

David R. House, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Kathryn Keneally, Assistant Attorney General, Tax Division, David I. Pincus, Chief, Court of Federal Claims Section, Tax Division, and G. Robson Stewart, Assistant Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff Onya J. Dildy requests a refund of income taxes for calendar years 2004 and 2006 in the amount of $5,709.82. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").

## BACKGROUND

Ms. Dildy's complaint was submitted in an unconventional form. Ms. Dildy provided attachments concerning her potential entitlement to a tax refund for the year 2004, in the amount of $2,772.97, consisting of documentation of an unsuccessful appeal to the Internal Revenue Service ("IRS") seeking this sum. *See* Compl. at 7. That appeal appears to have been undertaken and resolved in 2011. Correlatively, a tax refund for the year 2006 was mentioned in

some of the attachments, although no request for any specific sum for that year was included. No actual tax returns for those years were provided with the complaint.

On November 19, 2012, the government filed a motion for a more definite statement pursuant to RCFC 12(e), requesting that Ms. Dildy state her claim with more precision and in accord with the rules of this court. The government specifically relied upon RCFC 9(m), which requires that in a suit for a tax refund, the plaintiff must include a copy of the claim for refund, as well as a statement noting the dates, amounts, and other identifying information about the refund sought. Def.'s Mot. for More Definite Statement at 3.

In response, Ms. Dildy mailed a packet of documents, including W-2s and tax returns, to counsel for the government on December 2, 2012. *See* Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1-2. These documents were never formally submitted to the court by Ms. Dildy, but they have been attached by the government to its subsequent filings and are now part of the record. The additional documentation, considered together with the original complaint, has clarified Ms. Dildy's position and provides the court with enough information to infer the circumstances attendant to her claim.

In 2004 and 2006, Ms. Dildy failed to file income tax returns, reportedly based on the advice of "representatives from both the Internal Revenue Service and the Social Security Administration." Def.'s Mot., Attach. at 12-13. In March of 2011, however, Ms. Dildy was given other advice by an accountant during a personal income tax workshop. *Id.* The accountant advised Ms. Dildy that she should file returns for 2008, 2009, and 2010 simultaneously, by April 18, 2011. This, Ms. Dildy did. Upon filing for those three years, plaintiff received a notice from the IRS informing her that she needed to file for the tax years 2004, 2005, 2006, and 2007 as well. *Id.* She obliged, filing the additional returns on April 14, 2011, *id.*, Attach. at 16-17, 25-26, and subsequently received refunds for 2007 and 2008, but not for 2004, 2005, or 2006.[1]

Plaintiff appealed the disallowance of her income tax refunds for 2004 and 2006 on August 13 and 17, 2011, respectively. Def.'s Mot., Attach. at 12-13. Ms. Dildy claimed that she was due refunds of $2,772.97 for 2004 and $2,936.85 for 2006. *Id.*[2] Both appeals were ultimately denied by the IRS on April 3, 2012. Compl. at 1. On September 21, 2012, Ms. Dildy filed suit for recovery of income tax for these years.

On January 3, 2013, the government moved for dismissal of Ms. Dildy's suit pursuant to RCFC 12(b)(1), alleging lack of subject matter jurisdiction over plaintiff's complaint due to the untimely filing by Ms. Dildy of her income tax returns for 2004 and 2006.

---

[1]Apparently no refund of income taxes for 2005 was sought on the belated return Ms. Dildy filed in 2011 for that year. *See* Def.'s Mot. at 12.

[2]These amounts are those stated by Ms. Dildy in her letters of appeal. Def.'s Mot. at 12-13. The amounts of the claimed refunds are stated differently in the IRS appellate decision, which lists the 2004 refund claim as $2,610.90, and the 2006 refund claim as $2,855.75. Compl. at 1. For purposes of the pending motion to dismiss, however, these discrepancies are immaterial.

## Standard for Decision

The court will "normally consider the facts alleged in the complaint to be true and correct" when considering a motion for dismissal for lack of subject matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Air Prod. & Chems., Inc. v. Reichhold Chems., Inc.*, 755 F.2d 1559, 1562 n.4 (Fed. Cir. 1985)). In this instance, the court will consider all documents submitted by Ms. Dildy to be part of her complaint, including those which were mailed to counsel for the government as a response to the government's motion for a more definite statement. For a *pro se* plaintiff, the court extends leniency as to the drafting of the pleadings, such that it may make inferences based upon ambiguous or procedurally errant filings. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Nevertheless, the burden of establishing the court's jurisdiction resides with the party seeking to invoke it, *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936), and that burden must be satisfied by a preponderance of the evidence, *Reynolds,* 846 F.2d at 748 (citing *Zunamon v. Brown*, 418 F.2d 883, 886 (8th Cir. 1969) (quoting *McNutt*, 298 U.S. at 189)).

## Subject Matter Jurisdiction

To establish subject matter jurisdiction in this court for this type of tax case, plaintiff must first have paid the taxes at issue and then have filed a valid claim for refund with the IRS. *See United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 7-8 (2008). The Tucker Act grants this court jurisdiction over suits for tax refunds, 28 U.S.C. § 1491(a)(1), but that jurisdiction is subject to provisions in the Internal Revenue Code ("I.R.C."), specifically 26 U.S.C. § 7422(a), *see Dumont v. United States*, 85 Fed. Cl. 425, 427-28 (2009), *aff'd*, 345 Fed. Appx. 586 (Fed. Cir. 2009). Section 7422 mandates that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." I.R.C. § 7422(a); *see also Clintwood Elkhorn Min. Co.*, 553 U.S. at 7-8.

Four elements must be met for a valid return to have been filed: "'[f]irst, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return by signing it under penalty of perjury.'" *Diamond v. United States*, 107 Fed. Cl. 702, 705 (2012) (quoting *Beard v. Commissioner*, 82 T.C. 766, 777 (1984), (summarizing requirements for a valid return found in *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172 (1934), and *Florsheim Bros. Drygoods Co. v. United States*, 280 U.S. 453 (1930)), *aff'd*, 793 F.2d 139 (6th Cir. 1986)). Ms. Dildy's returns meet all four criteria. Her tax returns for 2004 and 2006 contained a full recital of her income for those years, providing sufficient information to calculate the tax owed or refund due. Def.'s Mot. at 16-31 (Tax Return Documents). The returns were submitted on the forms specifically created by the IRS for that purpose. *See id.* Ms. Dildy completed these forms in an honest and reasonable attempt to satisfy the requirements of the tax law, as evidenced by the fact that she complied fully with the form

3

instructions, and did so on direct advice from an IRS representative. Finally, she signed the jurats of both returns under penalty of perjury. *Id.* at 17, 26.

Claims for refunds are subject to a statutory deadline, but that deadline is either "3 years from the time the return was filed or 2 years from the time the tax was paid, *whichever of such periods expires the later*." I.R.C. § 6511(a) (emphasis added). A withheld tax is deemed paid on the date the return for the year was due. *See* I.R.C. § 6513(b)(1); *Baral v. United States*, 528 U.S. 431, 435 (2000). Under the two-year prong of Section 6511(a), Ms. Dildy's taxes for 2004 and 2006 would have been deemed paid on April 15, 2005 and 2007, and the deadlines under that prong would have expired on April 15, 2007 and 2009, respectively. Because Ms. Dildy did not file a return for either tax years until 2011, however, the two-year deadline was not satisfied. The deadline related to the three-year prong is a quite different matter. That deadline was not activated until Ms. Dildy filed the returns in 2011. Thus, when Ms. Dildy filed her returns in 2011 for the tax years 2004 and 2006, those returns were effective under the "whichever . . . expires the later" clause of Section 6511(a). *See Murdock v. United States*, 103 Fed. Cl. 389, 394 (2012). Plaintiff's tax returns for 2004 and 2006 with the attendant claim for refunds were therefore properly filed with the IRS prior to the commencement of this suit, and this court maintains subject matter jurisdiction over her claim.[3]

### A Claim for Which Relief May be Granted

Although Ms. Dildy has established subject matter jurisdiction in this court, another possible basis for dismissal is addressed inferentially by the government in its motion. I.R.C. § 6511(b) limits the period for which a plaintiff may ultimately recover in a suit for refund. Under Subsection 6511(b), recovery is limited to a credit or refund that "shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years." I.R.C. § 6511(b)(2)(A). This "look-back period" does not affect the court's jurisdiction over claims pre-dating three years, but it does constrain the remedy available to a plaintiff.[4] Thus, a claim filed with the IRS in 2011 could yield a refund for taxes paid in 2008, and possibly 2007, but not for prior years.[5]

Because Ms. Dildy seeks to recover refunds for the years 2004 and 2006, Paragraph 6511(b)(2) effectively bars relief. By waiting until 2011 to file a return for 2004 and 2006, Ms. Dildy placed her refund claims outside the applicable look-back period. These two claims

---

[3]As the First Circuit observed, "[S]ection 6511(a) would 'permit a taxpayer to file a tax return 40 years late and still have 3 additional years in which to file a claim for refund.'" *Oropallo v. United States*, 994 F.2d 25, 30 (1st Cir. 1993) (quoting *Mills v. United States*, 805 F. Supp. 448, 451 (E.D. Tex. 1992)).

[4]For a more thorough discussion of this "look-back-period" limitation, see *Murdock*, 103 Fed. Cl. at 394-95.

[5]It appears from Ms. Dildy's representations that she actually received a refund for years back to 2007 derived from her IRS filings of 2011. The IRS presumably paid her a refund for that year on the ground that taxes withheld during 2007 were deemed paid in April 2008 in accord with I.R.C. § 6513(b)(1).

for refund comprise the entirety of Ms. Dildy's case in this court.  Consequently, she has failed to state any claim for which the court may grant relief, and the action must be dismissed under RCFC 12(b)(6).

## CONCLUSION

This court has subject matter jurisdiction over Ms. Dildy's claim for a refund of income taxes, but the limitations on recovery found in the "look-back" provisions of I.R.C. § 6511(b)(2) categorically preclude recovery on her claims.  As a consequence, Ms. Dildy's suit is one respecting which this court cannot grant relief.  For the reasons stated, the government's motion to dismiss, construed as a motion pursuant to RCFC 12(b)(6), is GRANTED.  The clerk shall enter judgment in accord with this decision.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge